UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

IN RE:

**WILLIAM K. NABORS**

Debtor

Bankruptcy No. 12-10895
Chapter 7

**TURNOVER MOTION**

Langdon M. Cooper, Trustee in Bankruptcy for William K. Nabors (the "Debtor") identified above, by and through counsel, hereby moves the Court pursuant to 11 U.S.C. § 542 for an Order requiring turnover of property of the Debtor's bankruptcy estate to the Trustee, and in that regard shows the Court the following:

1. The Debtor filed a voluntary Chapter 7 Petition on 8 November 2012. Langdon M. Cooper was appointed as the Chapter 7 Trustee (the "Trustee") on 7 December 2012 and the Debtor was sworn at the initial 341 meeting held on 13 February 2013. The Trustee requested certain documents at that time, and the 341 meeting of creditors was continued to 10 April 2013 to enable the Trustee to review the documents and then interrogate the Debtor on the record. The Debtor failed to appear on 10 April 2013, and he failed to turnover any documents. The 341 meeting is now continued to 29 May 2013 and the Court has issued an Order directing the Debtor to appear.

2. The Trustee makes the following document request:

   a. Photographs with accompanying detailed descriptions of all weapons;

   b. True copies of all the Debtor's IRA statements for 2011, 2012 and 2013 to date;

   c. A current trial balance of the general ledger of William K. Nabors, DDS, P.A. on a jump drive or computer, and all operational records for 2012 and 2013 to date;

   d. True copies of all bank statements for all accounts for 2010, 2011, 2012 and 2013 to date for the dental practice;

   e. Photographs of all sides and the interior, and true copies of titles, of all vehicles as well as true copies of insurance policies on each vehicle;

   f. True copies of all documents regarding the insurance claim for the stolen motorcycle, including the police report and the date of loss;

      g. True copies of all of the Debtor's bank statements for all accounts in 2010, 2011, 2012 and 2013 to date, including all accounts which were maintained jointly with the Debtor's estranged spouse;

      h. True copy of the Debtor's separation agreement and any related documents;

      i. True copies of the Debtor's individual (and/or joint with estranged spouse) state and federal income tax returns for 2008, 2009, 2010, 2011 and 2012;

      j. True copies of the dental practice's state and federal tax returns for 2008, 2009, 2010, 2011 and 2012;

      k. Names and contact data of business brokers the Debtor has contacted for the dental practice, any listing or other agreements with the brokers, and copies of any proposed contracts for the sale of the dental practice;

      l. True copies of all documents and a full description of all matters and activity relating to the alleged sale for $9,000 by the Debtor's estranged wife of a 2002 Sundowner horse trailer;

      m. True copies of all documents and a full description of all matters and activity relating to the alleged sale by the Debtor's estranged wife of a 2003 Massey Ferguson tractor with a value of $23,500;

      n. True copy(ies) of the deed(s) used to effect any transfers of realty contemplated in the Debtor's separation agreement and/or made since 2008, including the transfer of 5.5 acres of land in Waynesville, NC;

      o. True copies of the police report(s) and insurance claim(s) for the stolen 1999 flat bed trailer, and the date of the loss;

      p. Photographs and original title and the location of the 1986 flatbed trailer scheduled in the Debtor's petition;

      q. Detailed list of all household goods of the Debtor owned at any time in 2012 either solely or jointly with his estranged spouse, and the present location of these items; and

      r. Full address and contact data for the Debtor's estranged spouse.

    3. Section 521 of the United States Bankruptcy Code imposes multiple duties on the Debtors, including surrendering to the Trustee "…all property of the estate, any recorded information, including books, documents, records, papers, relating to property of the estate…" 11 USC §521(a)(4), and including "cooperating with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." 11 USC §521(a)(3). Indeed, failure of

the Debtors to perform these duties is grounds for the denial of his discharge. *See* 11 USC §727.

4. The Debtor's refusal to respond to all the Trustee's turnover requests is wholly inadequate. Refusing to produce documents and to appear at the continued Section 341 meeting causes the Trustee and his attorneys to invest extra time in attempting to administer the estate properly, and it impedes the ability of the Trustee to fulfill his duties. The Debtor's refusal to cooperate with the Trustee by what is in effect stonewalling, is not simply disingenuous, but it implements the "catch me if you can" philosophy of some debtors, including the Debtor in this case. The Trustee's requests should have been carefully reviewed and full and complete responses should have been made. The Trustee should not have been forced to ask the Court to intervene. As a result of the Debtor's purposeful inaction, the Trustee and his attorneys have been damaged.

**WHEREFORE,** the Trustee moves the Court to order the Debtor immediately to turnover to the Trustee all documents and answers set out and described above. The Trustee further moves the Court to sanction the Debtor, and to award those sanctions to the attorney for the Trustee in the amount of $1,500.

This the 12th day of April, 2013.

/s/ Langdon M. Cooper
Langdon M. Cooper
N. C. State Bar No. 936

MULLEN HOLLAND & COOPER P. A.
Attorneys for Trustee
301 South York Street
P.O. Box 488
Gastonia, NC  28053-0488
Telephone: (704) 864-6751
Fax: (704) 861-8394
Email:  lcooper@mhc-law.com

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

IN RE:

**WILLIAM K. NABORS**

Debtor

Bankruptcy No. 12-10895
(Chapter 11)

**NOTICE OF HEARING ON TRUSTEE'S MOTION FOR TURNOVER**

**TAKE NOTICE** that Langdon M. Cooper ("Trustee") has filed papers with the Court asking the Court to authorize certain action. Copies of the Trustee's papers are being served on you with this Notice. They describe in detail the relief the Trustee seeks.

**Your rights may be affected. You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

**A hearing will be held** on Tuesday, 7 May 2013 at 10:00 a.m., United States Bankruptcy Court, 100 Otis Street, Asheville, North Carolina 28801.

**DATED** this 12th day of April, 2013.

*/s/ Langdon M. Cooper*
Langdon M. Cooper
N. C. State Bar No. 936

Mullen Holland & Cooper P.A.
Attorneys for Trustee
P.O. Box 488
301 South York Street
Gastonia, NC 28053-0488
Telephone: (704) 864-6751
Fax: (704) 861-8394
e-mail: lcooper@mhc-law.com

## CERTIFICATE OF SERVICE

Certified that on the 12th day of April, 2013, I served a copy of the foregoing **MOTION FOR TURNOVER** and **NOTICE OF HEARING** by placement in a postpaid envelope addressed to the parties hereinafter named, at the place and address stated below, which is the last known address, and by depositing the envelope and its contents in the United States mail:

Linda W. Simpson  
U. S. Bankruptcy Administrator  
*(via electronic notification)*

William K. Nabors  
PO Box 1509  
Candler, NC 28715

David R. Hillier  
PO Box 3235  
Asheville, NC 28802

*/s/ Langdon M. Cooper*  
Langdon M. Cooper  
N. C. State Bar No. 936

Mullen Holland & Cooper P.A.  
Attorneys for Trustee  
P.O. Box 488  
301 South York Street  
Gastonia, NC 28053-0488  
Telephone: (704) 864-6751  
Fax: (704) 861-8394  
e-mail: lcooper@mhc-law.com